UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZYPPAH, INC., d/b/a ZYPPAH<br><br>                Plaintiff,<br>v.<br><br>UNITED SECURED CAPITAL, LLC, ACE FUNDING SOURCE LLC, and GREEN NOTE CAPITAL PARTNERS, INC., d/b/a GREEN NOTE CAPITAL PARTNERS, LLC, GREEN NOTE CAPITAL PARTNERS, and GREEN NOTE CAPITAL,<br><br>                Defendants. | Civil Action No. 19-1158<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Zyppah, Inc., d/b/a Zyppah ("Plaintiff" or "Zyppah"), by and through its attorneys, Ice Miller, LLP, alleges as and for its Complaint against the above-captioned defendants United Secured Capital, LLC ("United Secured Capital"), Green Note Capital Partners, Inc., ("Green Note") and Ace Funding Source LLC ("Ace Funding," each a "Defendant" and collectively, the "Defendants") upon knowledge as to itself and its own acts and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. In this action for breach of contract, account stated, and conversion, Plaintiff seeks to recover its damages arising from the breach of certain guarantee letter agreements as further described below.

2. This action also seeks a declaratory judgment that Ace Funding is liable for Plaintiff's damages under alter ego, veil piercing, and agency theories.

## THE PARTIES

3. Plaintiff, Zyppah is a Nevada corporation which is and was at all relevant times duly authorized and licensed to conduct business in the State of New York. Plaintiff's principal place of business is located at 701 South Carson Street, Suite 200, Carson City, Nevada 89701.

4. Upon information and belief, Defendant United Secured Capital is a New York limited liability company, which does and transacts business within New York with its principal place of business located at 2367 McDonald Avenue, Brooklyn, New York 11223.

5. Upon information and belief Defendant Ace Funding is a New York limited liability company, which does and transacts business within New York with its principal place of business located at 366 North Broadway, Jericho, New York 11753.

6. Upon information and belief, Defendant Green Note d/b/a Green Note Capital Partners, LLC, Green Note Capital Partners, Green Note Capital, is a Delaware corporation, which does and transacts business within New York with its principal place of business located at 1202 Avenue U Brooklyn, New York 11229.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332, as Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (d) because all Defendants have their principal place of business in New York and Defendants have sufficient contacts to subject them to personal jurisdiction in this Court.

9. Additionally, this Court has jurisdiction and venue over this action because Defendants consented to jurisdiction and venue in the Purchase Agreements (defined below).

## FACTS

10. Plaintiff is engaged in the business of retail sales of sleep aids.

11. Each of the Defendants is engaged in the business of purchasing future receivables and offering other financing arrangements to retail and other businesses in New York and throughout the country.

12. In or around October 2018, United Secured Capital sought to purchase Plaintiff's future receivables.

13. Two officers of United Secured Capital, Albert Gindi and Isaac Kassab, represented themselves to be officers and agents of Green Note and Ace Funding as well.

14. Albert Gindi and Isaac Kassab represented that all three Defendants would serve as the counterparty for the transaction to purchase Plaintiff's future receivables.

15. On behalf of the Defendants, Albert Gindi and Isaac Kassab provided the Plaintiff with the "Agreement for the Purchase and Sale of Future Receipts", which was executed on October 19, 2018 by Plaintiff, as seller, and Ace Funding, as buyer (the "First Purchase Agreement") pursuant to which a purchase price of $450,000.00 was paid to Plaintiff in order for the buyer to receive $674,550.00 of Plaintiff's future receivables (a "Payback Amount").

16. On behalf of the Defendants, Albert Gindi and Isaac Kassab also provided the Plaintiff with the "Letter of Guarantee", attached hereto as **Exhibit A**, which was executed by United Secured Capital simultaneously with the First Purchase Agreement (the "First Guarantee Letter Agreement") which promised to grant a discount and reduce the $674,550.00 Payback Amount under the First Purchase Agreement and reimburse the Plaintiff for the difference ("Reimbursement") after a certain threshold of payments were collected from the receivables sold by Plaintiff.

17. On behalf of the Defendants, Albert Gindi and Isaac Kassab provided the Plaintiff with the "Merchant Agreement", which was executed on October 30, 2018 by Plaintiff, as seller, and Green Note, as buyer (the "Second Purchase Agreement" and together with the First Purchase Agreement, the "Purchase Agreements") pursuant to which a purchase price of $300,000.00 was paid to Plaintiff in order for the buyer to receive $420,000.00 of Plaintiff's future receivables.

18. On behalf of the Defendants, Albert Gindi and Isaac Kassab also provided the Plaintiff with the "Letter of Guarantee", attached hereto as **Exhibit B**, which was executed by Green Note simultaneously with the Second Purchase Agreement (the "Second Guarantee Letter Agreement" and together with the First Guarantee Letter Agreement, the "Guarantee Letter Agreements") which promised to grant a discount and reduce the $420,000.00 Payback Amount under the Second Purchase Agreement and pay Reimbursement to the Plaintiff for the difference after a certain threshold of payments were collected from the receivables sold by Plaintiff.

19. In the January 11, 2019 email communications attached hereto as **Exhibit C**, Albert Gindi, on behalf of the Defendants, confirmed that the conditions under the Guarantee Letter Agreements had been satisfied and that $13,125.00 plus another $279,372.20 of Reimbursement was due and payable to the Plaintiff from Green Note and United Secured Capital under the Guarantee Letter Agreements as of Tuesday, January 8, 2019. While the $13,125.00 of Reimbursement was paid to Plaintiff, the remaining $279,372.20 was not.

20. In the January 11, 2019 email communications, the Plaintiff placed Defendants on written notice that any further delay in rendering the $279,372.20 of Reimbursement would damage the Plaintiff and that Plaintiff would seek interest on the amounts overdue.

21. On or about January 17, 2019, the Plaintiff was contacted by Jordan Campbell, the director of accounting for United Secured Capital, who represented that he was empowered

to render the $279,372.20 Reimbursement payment on behalf of the Defendants and that such payment would be rendered. To date, no such payment has been received.

22. By Defendants' own admission, at all relevant times, Plaintiff has sole ownership and right to possession of the $279,372.20 of Reimbursement funds. Upon information and belief, at all relevant times, Defendants conspired to and continue to wrongfully withhold and exercise dominion and control over the $279,372.20 of Reimbursement funds in order to convert such property for Defendants' own use and benefit instead of its intended use.

23. At all times relevant, the promise of Reimbursement under the Guarantee Letter Agreements materially induced the Plaintiff to enter into the Purchase Agreements.

24. At all times relevant, Albert Gindi serves as an officer and director of United Secured Capital and, upon information and belief, serves as officer and agent of Ace Funding and Green Note.

25. At all times relevant, Isaac Kassab serves as an officer and manager of United Secured Capital and, upon information and belief, serves as officer and agent of Ace Funding and Green Note.

26. At all times relevant, Jordan Campbell serves as an officer and director of United Secured Capital and, upon information and belief, serves as officer and agent of Ace Funding and Green Note.

27. Upon information and belief, at all times relevant, Ace Funding dominated and controlled United Secured Capital and Green Note and used such domination and control to compel them to promise Reimbursement under the Guarantee Letter Agreements in order to induce the Plaintiff to enter into the Purchase Agreements when Defendants knew or had reason to know that United Secured Capital and Green Note did not intend or would be unable to render full Reimbursement thereby permitting Ace Funding to wrongfully retain and convert funds

collected from Plaintiff's sold receivables which should have been rightfully returned to Plaintiff as the sole owner of such Reimbursement funds.

## FIRST CAUSE OF ACTION

### Breach of Contract

28. Plaintiff incorporates each and every allegation contained above as if fully set forth herein.

29. The Guarantee Letter Agreements, each and collectively, are binding contracts supported by adequate consideration.

30. Plaintiff fully complied with all conditions precedent and otherwise fulfilled and satisfied all of its obligations under the Guarantee Letter Agreements.

31. Since the $279,372.20 of Reimbursement became due and payable from United Secured Capital and Green Note on or about January 8, 2019, they had no right under the terms of the Guarantee Letter Agreements to fail to pay no less than the $279,372.20 of overdue Reimbursement.

32. United Secured Capital and Green Note thereby breached the terms of the Guarantee Letter Agreements.

33. As a direct and proximate result of United Secured Capital and Green Note's foregoing breach of the Guarantee Letter Agreements, the Plaintiff suffered damages in the amount of no less than $279,372.20 plus additional damages in an amount to be proven at trial, plus interest, costs and attorney's fees.

## SECOND CAUSE OF ACTION

### Account Stated

34. Plaintiff incorporates each and every allegation contained above as if fully set forth herein.

35. Before the institution of this action, Plaintiff and Defendants had business transactions between them.

36. On or before January 8, 2019, Plaintiff and Defendants agreed to a resulting balance.

37. In the January 11, 2019 email communications attached hereto as Exhibit C, Plaintiff rendered a statement of the $279,372.20 balance of Reimbursement due and payable from Defendants, United Secured Capital and Green Note.

38. Defendants did not object to the statement and confirmed that the $279,372.20 balance of Reimbursement is due and payable.

39. Defendants, United Secured Capital and Green Note owe Plaintiff no less than $279,372.20 plus additional damages in an amount to be proven at trial, plus interest, costs and attorney's fees.

### THIRD CAUSE OF ACTION

### Conversion

40. Plaintiff incorporates each and every allegation contained above as if fully set forth herein.

41. At all relevant times, Plaintiff, by Defendants' own admission, has and continues to have sole ownership as well as the sole right to possession of the $279,372.20 of Reimbursement funds.

42. Upon information and belief, at all relevant times, Defendants conspired to and continue to wrongfully and unlawfully take, withhold and exercise dominion and control over the $279,372.20 of Reimbursement funds, of which Plaintiff has sole ownership and right to possession, in order to convert such property for Defendants' own use and benefit instead of its intended use.

43. By reason of the foregoing, Plaintiff has sustained damages in the amount of no less than $279,372.20 plus additional damages in an amount to be proven at trial, plus interest, costs and attorney's fees.

44. Additionally, Defendants' wrongful and unlawful conduct in conspiring to and continuing to wrongfully and unlawfully take, withhold, exercise dominion and control over, and convert Plaintiff's property warrant the award of punitive damages.

## FOURTH CAUSE OF ACTION

**Declaratory Judgment Enforcing United Secured Capital and Green Note's Obligations Under the Guarantee Letter Agreements Against Ace Funding Pursuant to Alter Ego, Veil Piercing and Agency Theories**

45. Plaintiff incorporates each and every allegation contained above as if fully set forth herein.

46. Upon information and belief, at all relevant times, Ace Funding dominated and controlled United Secured Capital and Green Note. Ace Funding used such domination and control to compel them to promise Reimbursement under the Guarantee Letter Agreements. Ace Funding's actions improperly induced the Plaintiff to enter into the Purchase Agreements when Defendants knew or had reason to know that United Secured Capital and Green Note did not intend or would be unable to render full Reimbursement. Under this scheme, Ace Funding wrongfully retained and converted funds collected from Plaintiff's sold receivables which should have been rightfully returned to Plaintiff as the sole owner of such Reimbursement funds.

47. Upon information and belief, at all relevant times Ace Funding dominated and controlled the assets, operations, and activities of United Secured Capital and Green Note. Moreover, Ace Funding failed to observe important corporate formalities, and it used the other defendants' assets, operations, and activities for its own purpose and benefit. Ace Funding dominates and controls United Secured Capital and Green Note to such an extent that any

adherence to the fiction of the separate existence of United Secured Capital and Green Note would permit the abuse of a limited liability or corporate entity and cause and promote injustice by allowing Ace Funding to evade liability or veil assets that should in equity be used to satisfy the judgment sought by the Plaintiff in this litigation.

48. Accordingly, at all times Ace Funding was and is an alter ego of United Secured Capital and Green Note. Each of them was and is an alter ego or agent of Ace Funding because there was and is such unity of interest, ownership and control between the three entities that they must be treated as one entity to prevent the inequitable result of Ace Funding profiting from the wrongful, if not fraudulent, diversion and conversion of funds from Plaintiff.

49. Additionally or alternatively, any corporate veil between either of United Secured Capital or Green Note, on the one hand, and Ace Funding, on the other hand, must be pierced to hold Ace Funding vicariously liable for all obligations of United Secured Capital and Green Note owed to the Plaintiff.  Piercing any corporate veil is necessary and proper because Ace Funding exercised domination and control over United Secured Capital and Green Note to compel them to promise Reimbursement in order to induce the Plaintiff to enter into the Purchase Agreements when Defendants knew or had reason to know that United Secured Capital and Green Note did not intend or would be unable to render full Reimbursement.  Under this scheme, Ace Funding wrongfully retained and converted funds collected from Plaintiff's sold receivables which should have been rightfully returned to Plaintiff as the sole owner of such Reimbursement funds.

50. As a result of the foregoing, Plaintiff seeks a declaration that, based on Ace Funding's alter ego relationship with United Secured Capital and Green Note, Ace Funding is liable for all of United Secured Capital and Green Note's obligations to Plaintiff under the Guarantee Letter Agreements.

51. Plaintiff additionally or alternatively seeks a declaration piercing any corporate veil between either of United Secured Capital or Green Note, on the one hand, and Ace Funding, on the other hand, to hold Ace Funding liable for all obligations of United Secured Capital and Green Note owed to Plaintiff under the Guarantee Letter Agreements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

1. On the First Cause of Action, Plaintiff prays that the Court enter judgment against Defendants, United Secured Capital and Green Note in favor of the Plaintiff awarding it damages in the amount of no less than $279,372.20 plus additional damages in an amount to be proven at trial, plus interest, costs and attorney's fees.

2. On the Second Cause of Action, Plaintiff prays that the Court enter judgment against Defendants, United Secured Capital and Green Note in favor of the Plaintiff awarding it damages in the amount of no less than $279,372.20 plus additional damages in an amount to be proven at trial, plus interest, costs and attorney's fees.

3. On the Third Cause of Action, Plaintiff prays that the Court enter judgment against Defendants, Ace Funding, United Secured Capital and Green Note in favor of the Plaintiff awarding it damages in the amount of no less than $279,372.20 plus additional damages in an amount to be proven at trial, plus interest, attorney's fees and costs, as well as punitive damages.

4. On the Fourth Cause of Action, Plaintiff prays for a declaratory judgment that Defendant, Ace Funding is liable for all obligations of Defendants, United Secured Capital and Green Note owed to the Plaintiff under the Guarantee Letter Agreements based on Ace Funding's alter ego relationship with them and/or based on vicarious liability or agency piercing

any corporate veil between either of United Secured Capital or Green Note, on the one hand, and Ace Funding, on the other hand.

     5.     Plaintiff prays for an award of such other and further relief that the Court deems just and equitable.

Dated: February 6, 2019

                                          */s/ John D. Giampolo*
                                          John D. Giampolo
                                          Justin E. Klein
                                          ICE MILLER LLP
                                          1500 Broadway, 29th Floor
                                          New York, New York 10036
                                          Tel: (212) 824-4940
                                          John.Giampolo@icemiller.com
                                          Justin.Klein@icemiller.com

                                          *Attorneys for Plaintiff, Zyppah, Inc.,*
                                          *d/b/a Zyppah*