**ERSHOWSKY P.C.**
www.ershlaw.com

Michael B. Ershowsky, Esq.
483R Central Avenue
Cedarhurst, New York 11516
347.346.0207
mbe@ershlaw.com

March 12, 2019

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Re:   *Zyppah, Inc. d/b/a Zyppah v. United Secured Capital, LLC et al.*, 1:19-cv-1158

Dear Judge Carter:

My firm represents Ace Funding Source, LLC ("Ace"), which is named as a defendant in the above-referenced action. I write pursuant to the Court's Individual Practices and Rules to request a pre-motion conference concerning Ace's anticipated motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The plaintiff in this action, Zyppah, Inc., entered into a merchant cash advance agreement with Ace under which Ace purchased future receivables of Zyppah for an upfront payment. Zyppah alleges that Defendant United Secured Capital, LLC ("United Secured"), in the course of negotiating the agreement between Ace and Zyppah, separately entered into a "Letter of Guarantee" that promised a refund if certain payments were made by Zyppah under the agreement. Then, Zyppah entered into a separate merchant cash advance agreement with Defendant Green Note Capital, and Green Note entered into a "Letter of Guarantee" that promised a refund if certain payments were made under the second agreement. According to Zyppah, United Secured and Green Note have failed to pay the money that they promised under the purported Letters of Guarantee.

Zyppah asserts four causes of action, but only two are directly alleged against Ace. The first cause of action is alleged only against United Secured and Green Note for breach of the Letters of Guarantee. As Ace is not a party to either Letter, no claim could lie against Ace. The second cause of action is likewise alleged against United Secured and Green Note for account stated, related to Zyppah's demand for the funds allegedly owed under the Letters of Guarantee. Again, as Ace is not a party to either Letter, no claim could lie against Ace for an account stated thereunder.

The plaintiff's third and fourth claims, however, seek to make Ace liable for the contractual obligations of others without any factual claims concerning Ace itself. Because these claims are conclusory in nature and otherwise fail to state a cause of action, the third and fourth causes of action fail to state a claim against Ace.

The plaintiff's third cause of action is for conversion. The basis of the claim is that the defendants "ha[ve] and continue[] to have sole ownership as well as the sole right to possession of the $279,372.20 of Reimbursement funds" purportedly owed under the Letters of Guarantee. A conversion claim that is duplicative of a claim for breach of contract, however, should be dismissed. *Wechsler v. Hunt health Sys., Ltd.*, 330 F.Supp.2d 383, 431 (S.D.N.Y. 2004). Here, the only basis for Zyppah's purported rights to the funds is under the Letters. Zyppah's conclusory allegations that the "Defendants conspired to and continue to wrongfully and unlawfully take, withhold and exercise dominion and control over the" money does not elevate the breach of contract to a tort, and the claim should be dismissed. *See AD Rendon Communs., Inc. v. Lumina Ams. Inc.*, 2007 U.S. Dist. LEXIS 75625, *23-24 (S.D.N.Y. Oct. 9, 2007) (dismissing conversion claim because "allegations that the Defendant 'wrongfully' took money . . . and engaged in a 'deliberate and malicious scheme' . . . are not enough to convert the breach of contract into a conversion cause of action.").

The plaintiff's fourth cause of action seeks a declaratory judgment that Ace is liable for United Secured's and Green Note's liabilities under alter ego, veil piercing, and agency theories. As a preliminary matter, this claim is not ripe for declaratory judgment. Declaratory judgment is available "[i]n a case of actual controversy . . . ." But under New York law, liability against a director or equity holder of a business entity generally can only be reached after a judgment against the entity has been entered and the execution unsatisfied. *See Rodgers v. Logan*, 121 A.D.2d 250, 253 (N.Y. 1st App. Dept. 1986). Here, Zyppah has not even obtained liability against United Secured or Green Note, and Ace is not alleged to have breached an agreement or otherwise directly harmed Zyppah. Nonetheless, Zyppah has brought Ace into this action without a case or controversy between them. Accordingly, Zyppah's cause of action for declaratory judgment should be dismissed.

Further, this claim should be dismissed because it is based purely on conclusory allegations. The Court is not required to accept as true the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" when evaluating a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Zyppah's allegations concerning Ace are precisely the kind of allegations that the Court should disregard—Zyppah merely states the requirements for alter ego, veil piercing, and agency theories of liability against Ace, framing them as information and belief to give the veneer of substance. But not one factual allegation in the entire complaint that must be assumed to be true on a motion to dismiss is against Ace itself. Moreover, to the extent that these theories require a plaintiff to plead fraudulent intent or actions, the complaint is completely bereft of particularized allegations that can satisfy Federal Rule of Civil Procedure 9(b). *See Wm. Passalacqua Builders v. Resnick Developers South, Inc.*, 933 F.2d 131, 138 (2d Cir. 1991) (alter ego theory available only where "the control . . . used to commit a fraud or other wrong that causes plaintiff's loss.").

Accordingly, Ace respectfully requests a pre-motion conference concerning its anticipated

motion to dismiss.

>Very truly yours,
>
>*Michael Ershowsky*
>Michael B. Ershowsky, Esq.