

Alan J. Sasson
5300 Kings Highway
Brooklyn, NY 11234
(718) 339-0856

March 19, 2019

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

    Re:    *Zyppah, Inc. d/b/a Zyppah v. United Secured Capital, LLC, et al.*, 1:19-cv-0058

Dear Hon. Judge Carter,

    My office represents defendants United Secured Capital, LLC ("United") and Green Note Capital Partners, Inc. ("Green Note") in the above titled action. I am writing pursuant to paragraph 2(A) of the Court's Individual Practices to request a pre-motion conference concerning my clients' anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(3) and 28 U.S. Code § 1391 and, in the alternative to change venue pursuant to 28 U.S. Code § 1391.

    The plaintiff, Zyppah, Inc. ("Zyppah"), entered into separate merchant cash advance agreements with defendants Ace Funding Source, LLC ("Ace") and Green Note, under which those entities purchased future receivables of Zyppah in exchange for upfront payments. Zyppah alleges that, in the course of negotiating the agreement with Ace, it entered into a "Letter of Guarantee" with United, under which United promised a discount to Zyppah, if Zyppah made certain payments under the Ace agreement. Zyppah further alleges that, in the course of negotiating the agreement with Green Note, Zyppah and Green Note entered into a "Letter of Guarantee," under which Green Note promised a discount to Zyppah if Zyppah made certain payments under the Green Note cash advance agreement.

    Zyppah asserts four causes of action, but the fourth is only alleged against Ace.

    The first cause of action alleges that United and Green Note breached the Letters of Guarantee. This claim fails for several reasons. The Complaint alleges that the Letters of Guarantee granted Zyppah discounts against the cash advance agreements, by "reduc[ing] the Payback Amount[s]" due under those agreements. Complaint ¶¶ 16, 18. This means that, if the discounts contained in the Letters of Guarantee were invoked, then Zyppah would not have to pay back the full amount stated in the cash advance agreements, but only a lesser amount. Accordingly, the Letters of Guarantee did not entitle Zyppah to receive any payment, at all. Nor

has Zyppah pleaded that it paid the full amount stated in the cash advance agreements, rather than take advantage of the self-executing discount contained in the Letters of Guarantee.

Therefore, Zyppah's breach of contract claim against United and Green Note for failure to pay $279,372.20 to Zyppah must fail.

Furthermore, the alleged Letters of Guarantee that Zyppah attached to its Complaint support this interpretation.  Exhibit A, the alleged Letter of Guarantee from United states that, if Zyppah makes certain payments, United will "Grant a discount of $157,050.00 off the interest, reducing the total payback due U.S.C. to $517,500.00….  Accordingly, the weekly payments after the first 5 weeks…will be reduced to $15,263.15."  Similarly, Exhibit B, the alleged Letter of Guarantee from Green Note states that, if Zyppah makes certain payments, "G.N.C.P. will discount $75,000.00 off the interest bringing the payback to $345,000.00….  Accordingly, the weekly payment after the first 10 weeks…will be reduced to $8,221.15."  Thus, the alleged Letters of Guarantee contain self-executing discounts and did not entitle Zyppah to any payments, and Zyppah has not alleged that it overpaid.  Therefore, Zyppah's claim based upon a failure to pay $279,372.20 to Zyppah is not adequately pleaded.

Moreover, the amounts of damages that Zyppah alleges directly contradict its claims.  Zyppah alleges that the defendants owe it $279,372.20, based upon the Letters of Guarantee.  However, the alleged Letters of Guarantee promise discounts of $157,050.00 and $75,000.00, respectively.  The sum of these is $232,050.00, over $47,000 less than the $279,372.20 that Zyppah claims are owed.  As Plaintiff's very specific demand for money allegedly owed bears no relation to its claims, the action must be dismissed.

(We note that both United and Green Note deny the validity of the Letters of Guarantee, which are unsigned and name as signatories and C.E.O. of those entities persons who have never worked for United or Green Note.)

The second cause of action is for an account stated based upon the same amounts and arising out of the same agreements and transactions as the first cause of action for breach of contract.   Since, based upon both the allegations of the Complaint and the face of the alleged Letters of Guarantee, Plaintiff is not entitled to recover any money, the underlying contract claim fails.  Therefore, the defendants do not owe any debt to Plaintiff, and there is no basis upon which Plaintiff can sue upon an account stated.

Under New York law, to recover on its claim for an account stated the plaintiff must prove that: "(1) an account was presented; (2) it was accepted as correct; and (3) debtor promised to pay the amount stated."  *Abbas Corp. (PVT) v. Michael Aziz Oriental Rugs, Inc.*, 820 F. Supp. 2d 549, 552 (S.D.N.Y. 2011)(citations omitted).  Here, Plaintiff has failed to allege that an account was presented to the defendants, the alleged account debtors.

Plaintiff alleges that it asserted in an e-mail to Albert Gindi that United and Green Note owed $279,372.20 to Plaintiff, alleges that Albert Gindi acknowledged, and alleges that Albert Gindi is an officer and director or United and as an agent of Green Note.  However, Plaintiff does not allege that it ever sent any invoice, bill, or statement of account to either United or

2

Green Note. Thus, no account was ever stated to the defendants, nor was any account accepted as correct by them.

Plaintiff's third cause of action is for conversion of $279,372.20, based upon the allegations contained in the first cause of action for breach of contract. As noted, Plaintiff has not alleged that the defendants took any money that belonged to Plaintiff, and the alleged Letters of Guarantee do not entitle Plaintiff to recover any money from the defendants. Therefore, there is no factual allegation upon which Plaintiff can base its claim of conversion.

Moreover, it is clear that the amount sued for ($279,372.20) is a fabrication, as Plaintiff's claim is based upon the alleged Letters of Guarantee, but that amount cannot be derived from those documents.

In addition, the Court should dismiss this action for improper venue under Fed. R. Civ. 12(b)(3) and 28 U.S.C. § 1406. In the alternative, the Court should transfer the matter to the Eastern District of New York under 28 U.S.C. § 1406.

Under 28 U.S. Code § 1391, venue is proper in:
**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For purposes of siting venue, a defendant entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Here, all of the defendants maintain their offices in Brooklyn or Queens and were served with process at their offices; therefore, all of the defendants are residents of the Eastern District of New York. Plaintiff is Nevada corporation and maintains its offices in Nevada. None of the transactions upon which the action is based took place in the Southern District of New York.

Thus, Plaintiff improperly sited this action in the Southern District, as venue is proper only in the Eastern District.

Respectfully Submitted,

/s/ *Alan J. Sasson*
Alan J. Sasson