

Alan J. Sasson
5300 Kings Highway
Brooklyn, NY 11234
(718) 339-0856

April 23, 2019

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

    Re:    *Zyppah, Inc. d/b/a Zyppah, et al. v. United Secured Capital, LLC, et al.*,
             1:19-cv-1158-ALC

Dear Honorable Judge Carter,

    My office represents defendants United Secured Capital, LLC ("United"), Green Note Capital Partners, Inc. ("Green Note"), Gabriel Mann, and Isaac Kassab in the above titled action. I am writing pursuant to paragraph 2(A) of the Court's Individual Practices to request a pre-motion conference concerning my clients' anticipated motion to dismiss pursuant to Fed. R.Civ. P. 12(b)(6), 12(b)(3) and 28 U.S. Code § 1391 and, in the alternative to change venue pursuant to 28 U.S. Code § 1391.

    The amended complaint is based entirely upon two alleged "Letters of Guarantee" that purport to modify two merchant cash advance agreements under which Zyppah, Inc., Sleep Certified, Inc., and Greenburg D.D.S. P.C. (the "Entity Plaintiffs") sold future receivables to certain of the defendant entities in exchange for upfront payments; despite that the cash advance agreements involved contain merger clauses and that the plaintiffs are all sophisticated business entities and the sophisticated owner of those entities.

    Plaintiffs use group pleading to hide the fact that they assert claims against four named unrelated entities and five named individuals. But the entities are not liable for contracts that they did not make, nor are they liable for acts or omissions of one another's employees. Likewise, the individual defendants are not liable for actions that they did not perform, nor are employees or owners liable for the actions of entities.

    Plaintiffs also assert that the merchant cash advance agreements were usurious loans. This is incorrect as a matter of law. Under New York law, which governs both merchant cash advance agreements (D.I. 24-10 at 1; D.I. 24-15 at 4), a purchase of receivables is not a loan and cannot be usurious. *Bus. Credit & Capital II LLC v. Neuronexus, Inc.*, No. 1:18-CV-03374 (ALC), 2019 WL 1426609, at *4–5 (S.D.N.Y. Mar. 29, 2019)(discussing New York cases finding purchase of receivables is not a loan to which usury laws apply); *Colonial Funding Network, Inc. for TVT Capital, LLC v. Epazz, Inc.*, 252 F. Supp. 3d 274, 282–83 (S.D.N.Y. 2017)(same). Here, each purchaser's receipt of the purchased amount of the Entity Plaintiffs' receivables was wholly contingent on those receivables being

remitted and the purchasers bore the risk that the Entity Plaintiffs' business would slow down or fail. Therefore, the merchant cash advance agreements are legal.

The plaintiffs lead with a RICO claim, but the complaint fails to state a claim under RICO. To state a RICO claim, the plaintiffs must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3285, 87 L. Ed. 2d 346 (1985). Here, plaintiffs fail to allege predicate offenses under RICO. As noted, the merchant cash advance agreements were not usurious loans and were lawful. To the extent that plaintiffs claim that the defendants have engaged in mail or wire fraud, they have failed to establish a "pattern of racketeering activity." "A pattern of racketeering activity is a *sine qua non* of any RICO claim, and thus the lack of that element mandates the dismissal of that claim." *Qantel Corp. v. Niemuller*, 771 F. Supp. 1361, 1371 (S.D.N.Y. 1991). Nor do the civil actions listed in paragraph 65 of the amended complaint establish that any defendant herein was involved in illegal activity; moreover, only Ace Funding Source, LLC ("Ace"), Henry Guttman, and Merchant Advance are named in those actions. Therefore, those civil actions cannot be used to support a RICO claim against the other defendants. Further, plaintiffs' claim that any defendant used extortionate means to collect a debt by stating that they held a security interest in plaintiffs' assets that they would not extinguish until paid is facially insufficient. Under 18 U.S.C. § 891(7), "An extortionate means is any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person." Plaintiffs' allegations do not meet this standard.

Plaintiffs simultaneously allege common law fraud, fraud in the inducement, and breach of contract. However, under New York law, a fraud claim that is duplicative of a claim of a breach of contract claim must be dismissed. *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19 (2d Cir. 1996). Plaintiffs' claim of fraud is based upon failure to perform the "Letters of Guarantee," which is the same as their breach of contract claim. Plaintiffs' allegations that "Defendants" never intended to perform the contract is also duplicative of the contract claim. Therefore, the claims for fraud and fraud in the inducement should be dismissed.

Plaintiffs' claim of conversion is also duplicative of its breach of contract claim and must be dismissed. *Wechsler v. Hunt Health Sys., Ltd.*, 330 F.Supp.2d 383, 431 (S.D.N.Y. 2004). Here, plaintiffs' only claim to the funds that they demand is under the alleged "Letters of Guarantee" which are also the basis of their breach of contract claim.

Plaintiff's assertion of "alter ego" liability against the individual defendants is wrong. "New York law requires the party seeking to pierce a corporate veil to make a two-part showing: (i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997). Plaintiffs have not alleged facts showing that any individual owned and dominated any entity with respect to transaction at issue.

Plaintiffs' claims for unjust enrichment, promissory estoppel, money had and received, and deceptive trade practices are all duplicative of one another and of the breach of contract claim and should be dismissed.

Plaintiffs' requests for equitable relief, including constructive trust and appointment of a receiver are inappropriate. "It is well-established under New York law that 'equity will not entertain jurisdiction

where there is an adequate remedy at law.'" *In re First Cent. Fin. Corp.*, 377 F.3d 209, 215 (2d Cir. 2004)(quoting *Boyle v. Kelley,* 42 N.Y.2d 88, 91, 396 N.Y.S.2d 834, 365 N.E.2d 866 (1977)). Here, plaintiffs' claims all seek monetary compensation; therefore, constructive trust and receivership are not available remedies. "The appointment of a receiver is a remedy, not a claim for which relief can be granted." *Sysco Food Serv. of Metro New York, LLC v. Jekyll & Hyde, Inc.*, No. 08 CIV. 2958 BSJ JCF, 2009 WL 4042758, at *4 (S.D.N.Y. Nov. 17, 2009). Therefore, count IV must be dismissed. "The appointment of a receiver is considered to be an extraordinary remedy, and should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property." *Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir. 1997)(internal alterations and quotations omitted).

Count VI must be dismissed, because "New York does not recognize civil conspiracy as an independent cause of action." *Reich v. Lopez*, 38 F. Supp. 3d 436, 460 (S.D.N.Y. 2014), *aff'd*, 858 F.3d 55 (2d Cir. 2017).

In addition, the Court should dismiss this action for improper venue under Fed. R.Civ. 12(b)(3) and 28 U.S.C. § 1406. In the alternative, the Court should transfer the matter to the Eastern District of New York under 28 U.S.C. § 1406.

Under 28 U.S. Code § 1391, venue is proper in:
**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For purposes of siting venue, a defendant entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Here, the defendants maintain their offices in Brooklyn or Queens and were served with process at their offices, and no defendant maintains an office, resides, or was served in the Southern District. Plaintiffs are Nevada and California residents. None of the transactions upon which the action is based took place in the Southern District of New York. Thus, Plaintiff improperly sited this action in the Southern District, as venue is proper only in the Eastern District.

Plaintiffs will argue that venue is proper under the merchant cash advance agreements. This is incorrect. Firstly, the plaintiffs, Green Note, and Ace are the only parties to the merchant cash advance agreements; therefore, those agreements cannot be the basis of venue against the remaining defendants, including all of the individual defendants. Furthermore, this action appears to be based upon the alleged "Letters of Guarantee," rather than the merchant purchase agreements. Since the alleged "Letters of Guarantee" do not contain forum selection clauses, venue can only be based upon 28 U.S.C. § 1391. Thus, venue is not proper in this district.

Furthermore, to the extent that the forum selection clauses in the merchant cash agreements may apply, those agreements did not permit the plaintiffs to select this forum. Paragraph 4.5 of the merchant cash advance agreement between Green Note and Zyppah, Inc. states, in relevant part: "Any suit, action

or proceeding arising hereunder…shall, **if GNCP so elects**, be instituted in any court sitting in New York State…" (emphasis added).  This language gives Green Note the sole discretion to commence an action in any court sitting in New York; it does not give the plaintiffs the right to select any forum that is not already legally appropriate.

>Respectfully Submitted,
>
>/s/ *Alan J. Sasson*
>Alan J. Sasson