**ERSHOWSKY P.C.**
www.ershlaw.com

Michael B. Ershowsky, Esq.
483R Central Avenue
Cedarhurst, New York 11516
347.346.0207
mbe@ershlaw.com

May 2, 2019

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Re: *Zyppah, Inc. d/b/a Zyppah v. Ace Funding Source, LLC et al.*, 1:19-cv-1158

Dear Judge Carter:

My firm represents Ace Funding Source, LLC ("Ace"), Merchant Advance, and Henry Guttman ("Guttman," collectively, the "Ace Defendants"), each named as a defendant in the above-referenced action. I write pursuant to the Court's Individual Practices and Rules to request a pre-motion conference concerning Ace's and Merchant Advance's anticipated motions to quash subpoenas under Rule 45 of the Federal Rules of Civil Procedure.

On April 17, 2019, Plaintiffs obtained an order to show cause for the appointment of a receiver over certain defendants. D.I. 39 (the "OSC"). Pursuant to the order to show cause, a hearing was set for May 6, 2019.

On April 30, 2019, almost two weeks after the OSC was entered, Plaintiffs' counsel sent by email to the defendants' respective counsel copies of subpoenas under Rule 45 to, among others, Ace and Merchant Advance, demanding testimony and production of documents before the Court on May 6, 2019. Copies of the subpoenas are filed herewith. Counsel is currently unaware if the subpoenas were served. The subpoenas demand appearance at the hearing before the Court on May 6, 2019, as well as production of documents. As discussed below, the subpoenas should be quashed pursuant to Rule 45.

First, the subpoenas should be quashed because they provide an unreasonably short period of time to comply. The Court must quash or modify a subpoena that fails to allow a reasonable time to comply. FED. R. CIV. P. 45(d)(3)(A)(i). "Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable. . . . Federal courts have also found compliance times of eight and seven days not to be reasonable."

*Brown v. Hendler*, 2011 U.S. Dist. LEXIS 9476, at *5 (S.D.N.Y. Jan. 31, 2011). Accordingly, the six days' notice provided under the subpoenas is unreasonable, and the subpoenas must be quashed. *See Bouchard Trasnp. Co. V. Assoc. Elec. & Gas Ins. Servs. Ltd.*, 2015 U.S. Dist. LEXIS 150097, at *4 (S.D.N.Y. Nov. 4, 2015) ("Rule 45 requires that the Subpoena be quashed" where five days' notice given).

Second, appearance by Ace and Merchant Advance is impossible as neither is a natural person. But Plaintiffs fail to state the subject matter to which they expect the subjects of the subpoenas to testify, and therefore a representative cannot be appointed. *Cf.* FED. R. CIV. P. 30(b)(6) (in context of deposition, the issuer of deposition subpoena on entity "must describe with reasonable particularity the matters for examination" for designation purposes).

Finally, the practically unlimited breadth of the subpoenas is unduly burdensome. The Court must quash or modify a subpoena that "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). Here, the subpoena directed to Ace demands production of "All records, including, without limitation, all bank statements, reflecting *or relating to all activity* in all your bank accounts from October 1, 2018 through and including April 30, 2019[.]" (Emphasis added). The subpoena to Merchant Advance is similarly unlimited in scope. As such, the subpoenas demand every record relating to every transaction that involved a bank account in any way during that time period. Accordingly, the subpoenas should be quashed as unduly burdensome.

Accordingly, the Ace Defendants respectfully request a pre-motion conference concerning their anticipated motion to dismiss the amended complaint.

Very truly yours,

*Michael Ershowsky*
Michael B. Ershowsky, Esq.