UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
ZYPPAH, INC. d/b/a ZYPPAH; SLEEP
CERTIFIED INC.; GREENBURG D.D.S.
P.C.; and JONATHAN GREENBURG,

                Plaintiffs,           Civil Action No. 1:19-cv-1158 (ALC)

    v.

ACE FUNDING SOURCE, LLC a/k/a ACE
FUNDING SOURCE; HANOCH
GUTTMAN a/k/a HENRY GUTTMAN;
UNITED SECURED CAPITAL, LLC;
GREEN NOTE CAPITAL PARTNERS, INC.
a/k/a GREEN NOTE CAPITAL PARTNERS,
LLC, GREEN NOTE CAPITAL PARTNERS,
and GREEN NOTE CAPITAL; MERCHANT
ADVANCE; GABRIEL MANN; ISAAC
KASAB; ALBERT GINDI; JORDAN
CAMPBELL; JOHN AND JANE DOES
1 THROUGH 100; and JOHN DOE
COMPANIES 1 THROUGH 100,

                Defendants.
---------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR THE APPOINTMENT OF A RECEIVER**

 

**LAW OFFICE OF ALAN J. SASSON, P.C.**
Alan J. Sasson, Esq.
5300 Kings Highway
Brooklyn, New York 11234
(718) 339-0856
*Attorneys for Defendants United Secured
Capital, LLC, Green Note Capital Partners,
Inc., Gabriel Mann, and Isaac Kassab*

## Table of Contents

Introduction .................................................................................................................... 1

Argument ....................................................................................................................... 2

    I. The Court Should Not Appoint a Receiver, Because Venue is Improper. ................ 2
    II. Plaintiffs Have Not Met the Standard for a Preliminary Injunction. ....................... 5
        a. Irreparable Injury ............................................................................................... 6
        b. Likelihood of Success on the Merits/"Serious Questions" and Clear Balance
           of Hardships ................................................................................................... 8
    III. Plaintiffs Have Not Met the Heavy Burden Required for Appointment of a
        Receiver. ................................................................................................................ 11
    IV. Plaintiffs Lack Standing to Seek a Receivership *Pendente Lite*, Because They Do
        Not Have an Interest in Defendants' Property. ...................................................... 13

CONCLUSION ............................................................................................................. 13

## TABLE OF AUTHORITIES

Cases

*Bus. Credit & Capital II LLC v. Neuronexus, Inc.*,
  2019 WL 1426609 (S.D.N.Y. Mar. 29, 2019) ...................................................... 7, 8, 12

*Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*,
  598 F.3d 30 (2d Cir. 2010) ............................................................................................ 5, 9

*Colonial Funding Network, Inc. for TVT Capital, LLC v. Epazz, Inc.*,
  252 F. Supp.3d 274 (S.D.N.Y. 2017) ......................................................................... 7, 8, 12

*In re First Cent. Fin. Corp.*,
  377 F.3d 209, 215 (2d Cir. 2004) ................................................................................... 11

*JSG Trading Corp. v. Tray-Wrap, Inc.*,
  917 F.2d 75, 79 (2d Cir. 1990) ........................................................................................ 6

*Republic of Philippines v. New York Land Co.*,
  852 F.2d 33 (2d Cir. 1988) ............................................................................................ 11

*Republic of the Philippines v. Marcos*,
  653 F. Supp. 494 (S.D.N.Y. 1987) ................................................................................ 11

*Rosen v. Siegel*,
  106 F.3d 28 (2d Cir. 1997) ............................................................................................ 10

*Sec. & Exch. Comm'n v. Republic Nat. Life Ins. Co.*,
  378 F. Supp. 430 (S.D.N.Y. 1974) ................................................................................ 13

*Tlapanco v. Elges*,
  207 F. Supp. 3d 324 (S.D.N.Y. 2016) ............................................................................. 2

*Tucker Anthony Realty Corp. v. Schlesinger*,
  888 F.2d 969 (2d Cir. 1989) ............................................................................................ 6

*United States v. Trusty Capital, Inc.*,
  2007 WL 44015 (S.D.N.Y. Jan. 5, 2007) ......................................................................... 5

*Varsames v. Palazzolo*,
  96 F. Supp. 2d 361 (S.D.N.Y. 2000) ......................................................................... 6, 11

*Wickes v. Belgian Am. Educ. Found., Inc.*,
  266 F. Supp. 38 (S.D.N.Y. 1967) .................................................................................. 11

**Statutes**

28 U.S. Code § 1391 .................................................................................................. 3, 4

28 U.S.C. § 1406 ........................................................................................................... 3

Fed. R.Civ. 12(b)(3) ...................................................................................................... 3

Defendants United Secured Capital, LLC and Green Note Capital Partners, Inc., by their counsel, the Law Office of Alan J. Sasson, P.C., submit this Memorandum of Law in opposition to Plaintiffs' motion for the appointment of a receiver over the assets of the entity defendants in this action.

### Introduction

Plaintiffs seek appointment of a receiver over the assets of all of the entities that it has named as defendants in what is essentially a breach of contract action, before issue has been joined or any discovery or motion practice has occurred, and while the Court's authority to decide the action is in doubt. Venue does not lie in this district, and Defendants have notified the Court of their intention to move to dismiss or change venue; the Court should not grant Plaintiffs so drastic a remedy before its authority is established.

Moreover, Plaintiffs' request for a receiver is based upon hyperbole and incorrect assumptions, rather than facts. Plaintiffs' claim that all nine of the named defendants (and unnamed others) are engaged in a nationwide scheme of predatory lending, debt-collection, and fraud, that targets small businesses and involves numerous entities that are used to hide the scheme and the assets obtained. Plaintiffs can provide little evidence of this claim, because it is not true.

The named entity defendants are unrelated entities that are in the lawful business of purchasing future receivables from business entities in exchange for upfront payments. Since the Defendants are not lenders, any claim of predatory lending or improper debt-collection practices is baseless.

Nor are the entities involved related, other than by contract. Plaintiffs' "evidence" of a "scheme" amounts to five unrelated civil actions that have been filed against Ace Funding

Source, LLC ("Ace") and/or Merchant Advance, and a list of entities that they claim are controlled by defendants Ace and Henry Guttman. Plaintiffs' bare assertions are not evidence, and they are wrong.

The civil actions listed in paragraph 65 of the amended complaint do not establish that any defendant herein was involved in illegal activity; moreover, only Ace, Guttman, and Merchant Advance are named in those actions. Plaintiffs offer no evidence that the entities listed in paragraph 66 of the amended complaint are in any way related.

Green Note Capital Partners, Inc. ("Green Note") is related to United Secured ("United Secured") only by contract and is not related to any of the other listed entities. United Secured had separate contracts with Ace and Green Note {and is not related to any of the other listed entities}. Neither United Secured nor Green Note is controlled by any other entity and neither has any relationship with Guttman.

Finally, the balance of equities weighs against appointing a receiver. Appointment of a receiver would destroy the entity defendants, as they cannot continue their lawful business if all of their officers and executives are replaced by a receiver whose only interest is in preserving assets and not in conducting the business of purchasing future receivables, which involves considerable risk. By contrast, Plaintiffs seek money damages, which can be obtained without receivership.

## Argument

**I.     The Court Should Not Appoint a Receiver, Because Venue is Improper.**

Venue is a threshold question. *See Tlapanco v. Elges*, 207 F. Supp. 3d 324, 326 (S.D.N.Y. 2016)("Courts may resolve the threshold question of venue before addressing jurisdiction.")(quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 445,

455 (S.D.N.Y. 2013), *aff'd sub nom. In re Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148 (2d Cir. 2015)). Therefore, where venue has been challenged, a court should not take substantive actions or grant preliminary relief until its authority to decide the action has been established.

Here, venue is improper in this district, and the action should either be dismissed under Fed. R.Civ. 12(b)(3) and 28 U.S.C. § 1406 or transferred to the Eastern District of New York under 28 U.S.C. § 1406.

Under 28 U.S. Code § 1391, venue is proper in:

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For purposes of siting venue, a defendant entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Here, all named defendants maintain their offices in Brooklyn or Queens and were served with process at their offices, and no defendant maintains an office, resides, or was served in the Southern District. Amended Complaint ¶¶ 11-19. Plaintiffs Zyppah, Inc. and Sleep Certified Inc. are Nevada corporations and maintain their offices in Nevada. Amended Complaint ¶¶ 7-8. Plaintiff Greenburg D.D.S. P.C. is a California corporation, which maintains its offices in California. Amended Complaint ¶ 9. Plaintiff Jonathan Greenburg is an individual resident and citizen of California. Amended Complaint ¶ 10. None of the transactions upon which the action

is based took place in the Southern District of New York. Indeed, there is no allegation that any of the parties ever visited this district. Thus, Plaintiff improperly sited this action in the Southern District, as venue is proper only in the Eastern District.

Plaintiffs will argue that venue is proper under the merchant cash advance agreements. This is incorrect. Firstly, Plaintiffs, Green Note, and Ace are the only parties to the merchant cash advance agreements; therefore, those agreements cannot be the basis of venue against the remaining defendants, including all of the individual defendants and United Secured.

Furthermore, this action is based upon the alleged "Letters of Guarantee," rather than the merchant cash advance agreements. Since the alleged "Letters of Guarantee" do not contain forum selection clauses, venue can only be based upon 28 U.S.C. § 1391. Thus, venue is not proper in this district.

Furthermore, to the extent that the forum selection clauses in the merchant cash agreements may apply, those agreements did not permit Plaintiffs to select this forum. Paragraph 4.5 of the merchant cash advance agreement between Green Note and Zyppah, Inc. states, in relevant part: "Any suit, action or proceeding arising hereunder…shall, **if GNCP so elects**, be instituted in any court sitting in New York State…" (emphasis added). This language gives Green Note the sole discretion to commence an action in any court sitting in New York; it does not give the plaintiffs the right to select any forum that is not already legally appropriate.

This interpretation is reasonable, as the forum selection clause was plainly meant for the convenience of Green Note, which is located in Brooklyn, rather than that of Plaintiffs, which are located in Nevada and California. As the purchaser of Plaintiffs' future receivables under the agreement, Green Note had reason to fear that it would need to sue to enforce its rights; by contrast, Plaintiffs received all of their money upfront and needed no such protection. Moreover,

4

the forum selection clause is not restrictive: while it permits Green Note to sue Plaintiffs in New York, it does not prohibit either Green Note or Plaintiffs from suing in any jurisdiction permitted by law.

Since venue does not lie in this district, the Court should decline to appoint a receiver.

II. **Plaintiffs Have Not Met the Standard for a Preliminary Injunction.**

Plaintiffs seek appointment of a receiver as preliminary relief, before issue is even joined, yet they have not even bothered to meet the standard for preliminary injunctive relief. *See United States v. Trusty Capital, Inc.*, No. 06-CV-8170 (KMK), 2007 WL 44015, at *2–4 (S.D.N.Y. Jan. 5, 2007)(applying statutory preliminary injunction standard to request to appoint receiver).

A party seeking a preliminary injunction must show both "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)(quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979)).

    a. **Irreparable Injury**

"Irreparable injury is one that cannot be redressed through a monetary award. Where money damages are adequate compensation a preliminary injunction should not issue." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990). Plaintiffs seek only money damages; they do not have any interest in the entity defendants. Therefore, a receivership is not necessary to avoid irreparable injury to Plaintiffs.

"Moreover, the movant must show that irreparable damages are not only possible but likely." *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 367 (S.D.N.Y. 2000). "To establish irreparable harm, plaintiffs must demonstrate "an injury that is neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)(internal quotations omitted).

The closest that Plaintiffs come to asserting irreparable injury is to speculate that, absent a receivership, the entity defendants might hide or transfer all of their assets, so as to defeat a money judgment. This assertion is based upon Plaintiffs' claim that all of the Defendants are part of a single illegal scheme involving numerous shell entities. However, Plaintiffs have offered no real evidence in support of their claim. All they have offered is a list of unrelated lawsuits involving Ace Funding Source, LLC ("Ace") and/or Merchant Advance (Amended Complaint ¶ 65), as well as a list of entities they assert are related and involved in the alleged scheme. Amended Complaint ¶ 66. Consequently, Plaintiffs' assertion of irreparable injury is mere speculation, and their motion must be denied.

Indeed, the lawsuits listed in paragraph 65 of the amended complaint do not suggest that any Defendant herein did anything illegal, nor are the entities listed in paragraph 66 all related. United Secured is a broker that finds future receivables for investment companies to purchase, and it had separate broker contracts with Ace and Green Note; {United Secured is not related to any of the other listed entities}. Green Note is not related to any of the listed entities, except by its broker contract with United Secured. Neither United Secured nor Green Note is controlled by any other entity and neither has any relationship with Guttman.

Moreover, Plaintiffs' allege an illegal scheme of predatory and usurious lending and abusive debt-collection. However, this case does not involve lending or debt collection, nor are

6

the entity defendants lenders or debt collectors. The entity defendants are involved in the business of purchasing future receivables from business entities in exchange for upfront payments.

Under New York law, a purchase of receivables is not a loan and cannot be usurious. *Bus. Credit & Capital II LLC v. Neuronexus, Inc.*, No. 1:18-CV-03374 (ALC), 2019 WL 1426609, at *4–5 (S.D.N.Y. Mar. 29, 2019)(discussing New York cases finding purchase of receivables is not loan to which usury laws apply); *Colonial Funding Network, Inc. for TVT Capital, LLC v. Epazz, Inc.*, 252 F. Supp.3d 274, 282–83 (S.D.N.Y. 2017)(same). Similarly, rules against predatory lending cannot apply to these transactions, because they are not loans.

In this case, two of the entity defendants, Ace and Green Note, each purchased some of the future receivables of Zyppah, Inc., Sleep Certified Inc., and/or Greenburg D.D.S. P.C. ("Entity Plaintiffs") in separate transactions. Both transactions were governed by New York law. D.I. 24-10 at 1; D.I. 24-15 at 4.

In each transaction, each purchaser's receipt of the purchased amount of the Entity Plaintiffs' receivables was wholly contingent on those receivables being remitted and the purchasers bore the risk that the Entity Plaintiffs' business would slow down or fail. Therefore, under New York law, these transactions were not loans and were lawful. *See Bus. Credit & Capital*, 2019 WL 1426609, at *4–5 (holding similar merchant cash advances to be lawful sale agreements, not subject to usury law); *Colonial Funding*, 252 F. Supp.3d at 282–83 (same). Thus, Plaintiffs' allegations of an illegal scheme are groundless.

### b. Likelihood of Success on the Merits/"Serious Questions" and Clear Balance of Hardships

7

Plaintiffs have also failed to make any showing that they are likely to succeed on the merits in this action. Where a district court cannot determine that the moving party is more likely than not to prevail on the merits, it may apply the "serious questions" standard. Under this standard, the moving party must show that there are "serious questions" going to the merits, and must also establish that "the balance of hardships tips *decidedly* in its favor." *Citigroup Glob. Markets, Inc.*, 598 F.3d at 35. Plaintiffs have failed to meet this standard.

In the interest of economy, we will skip whether there are "serious questions" that make any of the twenty-six counts in the amended complaint "fair ground for litigation" and address the balance of hardships.

As noted, the standard requires Plaintiffs to show that the balance of hardships is "decidedly" in favor of appointing a receiver over all of the entity defendants. They are not.

Appointing a receiver over the entity defendants would have the effect of shuttering their businesses. The defendant entities are engaged in the business of purchasing receivables of business entities in exchange for upfront payments. D.I. 24-10; D.I. 24-15. This involves the risk that the entities from which they purchase receivables will suffer business slowdowns or will fail, which could reduce or eliminate the defendant entities' profits and principle. Because they are purchasers and not lenders, the defendant entities are not guaranteed a return on their investments. If, for example, Green Note purchased future receivables from X Corp., and X Corp. stopped receiving those receivables, then Green Note would lose its investment and would have no recourse. Because of the high risk, the potential return is also high.

Plaintiffs seek a receivership to preserve the assets of the defendant entities to pay any judgment that Plaintiffs might eventually obtain. A receiver with such a mandate can be expected to cease the defendant entities' high-risk/high-return business.

8

Indeed, in the Proposed Order Appointing Receiver attached to Plaintiffs' motion states that its purpose is "(i) to preserve the status quo…(iv) prevent further dissipation of the property and assets of the Receivership Entities; (v) prevent the encumbrance or disposal of property or assets of the Receivership Entities…(viii) protect customer/merchant assets." Proposed Order Appointing Receiver, pg. 2. All of these would require the receiver to close the entities' high-risk/high-return businesses to preserve their assets.

Furthermore, the defendant entities' business requires specialized knowledge of the field, for which they rely upon their officers and directors. A receivership would displace all of the experienced investment managers and replace them with a receiver with no knowledge of the business. Article I, paragraph 4 of the Proposed Order Appointing Receiver states: "All officers, directors, managing members, general and limited partners of the Receivership Entities are hereby dismissed…." Therefore, any receiver would have no choice but to cease doing business.

Thus, appointing a receiver over the defendant entities would be a death sentence to those entities. By contrast, Plaintiffs can only speculate that, if a receiver is not appointed, then the entities *might possibly* secrete assets and defeat its potential recovery of money damages. Clearly, the balance of equities weighs heavily in favor of Defendants and against a preliminary injunction appointing a receiver.

III. **Plaintiffs Have Not Met the Heavy Burden Required for Appointment of a Receiver.**

"The appointment of a receiver is considered to be an extraordinary remedy, and should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property." *Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir. 1997)(internal alterations and quotations

omitted). The Court should deny Plaintiffs' motion, because they have failed to satisfy even one of the elements required for a receiver to be appointed.

Moreover, receivership is an equitable remedy and is not available where there is an adequate remedy at law. "It is well-established under New York law that 'equity will not entertain jurisdiction where there is an adequate remedy at law.'" *In re First Cent. Fin. Corp.*, 377 F.3d 209, 215 (2d Cir. 2004)(quoting *Boyle v. Kelley,* 42 N.Y.2d 88, 91, 396 N.Y.S.2d 834, 365 N.E.2d 866 (1977)). Since Plaintiffs seek money damages, receivership is not an available remedy.

The proponent of a receivership bears the burden of showing that it is necessary. A party seeking appointment of a receiver *pendente lite* has a heavy burden. *Republic of the Philippines v. Marcos*, 653 F. Supp. 494, 496 (S.D.N.Y. 1987), *aff'd sub nom. Republic of Philippines v. New York Land Co.*, 852 F.2d 33 (2d Cir. 1988); *Wickes v. Belgian Am. Educ. Found., Inc.*, 266 F. Supp. 38, 40 (S.D.N.Y. 1967).

As Plaintiffs admit, the following factors are relevant to appointment of receivers:

> [F]raudulent conduct on the part of defendant; the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property.

*Varsames*, 96 F. Supp. 2d at 365.

Here, Plaintiffs have utterly failed to make a case for a receivership. As noted, Plaintiffs' allegations that Defendants are engaged in a fraudulent scheme of predatory and usurious lending and improper debt-collection is speculative and actually false.

Defendants are in the business of purchasing future receivables from business entities in exchange for upfront payments.[1] These transactions are not loans; therefore, the charges of usury or predatory lending do not apply. *See Bus. Credit & Capital*, 2019 WL 1426609, at *4–5 (holding similar merchant cash advances to be lawful sale agreements, not subject to usury law); *Colonial Funding*, 252 F. Supp.3d at 282–83 (same). Claims of improper debt collection are also irrelevant, because Defendants are not debt collectors.

Therefore, Plaintiffs' alleged concern that the Defendants may secrete assets and prevent Plaintiff from collecting any damages that may eventually be awarded to them is mere speculation.

Also, as noted, Plaintiffs have failed to show either likelihood of success on the merits or irreparable injury. Likelihood of success requires more than allegations of a non-existent scheme between unrelated entities based upon group pleading.

Since Plaintiffs seek money damages, their only claim of irreparable injury is the speculation that Defendants *may* secrete or transfer assets to prevent Plaintiffs from recovering any award that they *might* receive. Any potential loss to Plaintiffs must be balanced against the certainty that appointment of a receiver would destroy the defendant entities' businesses. Thus, the balance of equities clearly favors Defendants.

Therefore, the Court should deny Plaintiffs' motion.

IV. **Plaintiffs Lack Standing to Seek a Receivership *Pendente Lite*, Because They Do Not Have an Interest in Defendants' Property.**

---

[1] United Secured Capital LLC does not purchase receivables, but acts as a broker for entities that purchase receivables.

"The party seeking a receivership must show that it has some legally recognized right in that property that amounts to more than a mere claim against the defendant involved." *Sec. & Exch. Comm'n v. Republic Nat. Life Ins. Co.*, 378 F. Supp. 430, 437 (S.D.N.Y. 1974). Plaintiffs have no interest in Defendants or their property; their claims are for money damages. Therefore, their only possible basis to seek a receivership is the speculation that Defendants may secrete assets and prevent Plaintiff from collecting any damages that may eventually be awarded to them. This is legally insufficient.

Therefore, the Court should deny Plaintiffs' motion.

## CONCLUSION

For the reasons set forth above, Defendants request that this Court deny Plaintiffs' motion for Receiver in its entirety and that Defendants be granted their costs and attorneys' fees incurred in defending against Plaintiffs' frivolous motion and such other and further relief as this Honorable Court deems just and proper.

Dated: Brooklyn, New York
       May 2, 2019

                                      **LAW OFFICE OF ALAN J. SASSON, P.C.**

                                      By: /s/ Alan J. Sasson
                                          Alan J. Sasson, Esq.
                                          5300 Kings Highway
                                          Brooklyn, New York 11234
                                          (718) 339-0856
                                          *Attorneys for Defendants United Secured Capital, LLC, Green Note Capital Partners, Inc., Gabriel Mann, and Isaac Kassab*