USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/6/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZYPPAH, INC. d/b/a ZYPPAH; SLEEP
CERTIFIED INC.; GREENBURG D.D.S. P.C.
and JONATHAN GREENBURG,

                Plaintiffs,

-against-

ACE FUNDING SOURCE, LLC a/k/a ACE
FUNDING SOURCE; HANOCH GUTTMAN
a/k/a HENRY GUTTMAN; UNITED
SECURED CAPTIAL, LLC; GREEN NOTE
CAPITIAL PARTNERS, INC. a/k/a, GREEN
NOTE CAPITAL PARTNERS LLC, GREEN
NOTE CAPITAL PARTNERS and GREEN
NOTE CAPTIAL; MERCHANT ADVANCE;
GABRIEL MANN; ISAAC KASSAB;
ALBERT GINDI; JORDAN CAMPBELL;
JOHN and JANE DOES 1 THROUGH 100;
and JOHN DOE COMPANIES 1 THROUGH
100,

                Defendants.

1:19-cv-01158 (ALC)

**OPINION & ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

    If a business wants fast access to cash, it may enter into a merchant cash advance agreement. Under such an agreement, a merchant cash advance provider gives the business a lump sum. In return, the business will pay a higher sum to the provider in installments, based on a percentage of the business' future sales.

    Here, Plaintiffs[1] entered into merchant cash agreements with Defendants.[2] In addition to the agreements, the Parties consented to letters of guarantee by which the Plaintiffs could reduce the total amount to be paid if they made a certain number of payments on schedule. Plaintiffs

---

[1] The Plaintiffs are: Zyppah, Inc.; Sleep Certified Inc.; Greenburg D.D.S. P.C.; and Jonathan Greenburg.
[2] The named Defendants are: Ace Funding Source; Hanoch Guttman; United Secured Capital, LLC; Green Note Capital Partners, Inc.; Merchant Advance; Gabriel Mann; Isaac Kassab; Albert Gindi; and Jordan Campbell.

1

allege Defendants fraudulently induced Plaintiffs to enter into the merchant cash advance agreements and subsequently failed to refund Plaintiffs money due under the related letters of guarantee. Before the Court is Plaintiffs' order to show cause for the appointment of a receiver. After careful consideration, Plaintiffs' motion is hereby **DENIED.**

## BACKGROUND

In the summer of 2018, Zyppah, Sleep Certified Inc., and Greenburg D.D.S. P.C. began negotiations for a merchant cash advance agreement with Isaac Kassab, who represented himself as United Secured Capital, LLC's ("United Secured") Funding Manager, and Albert Gindi, who represented himself as United Secured's Funding Director. Am. Compl. ¶¶ 26–28, ECF No. 24. Initially, due to high interest rates, Plaintiffs rejected a number of agreements that Defendants Kassab and Gindi proposed. *Id.* ¶¶ 31–36. Defendants Kassab and Gindi then provided Plaintiffs with letters of guarantee. *Id.* ¶¶ 35, 39. The letters of guarantee bore the names of persons claiming to be the CEOs of United Secured and Green Note Capital Partners, Inc. ("Green Note") and provided for "discounts," which would reduce the overall interest rate of the transaction to 15% if Plaintiffs timely made certain payments. *Id.* ¶¶ 38, 41. Consequently, Plaintiffs entered into merchant cash advance agreements with Defendants United Secured and Green Note in which they borrowed $750,000 from Defendants Ace Funding Source, LLC ("Ace") and Green Note. *Id.* ¶ 41. Although Plaintiffs timely made the required weekly payments, the Defendants failed to reduce the debited payment amounts in accordance with the letters of guarantee. *Id.* ¶¶ 41, 47.

In January of 2019, Plaintiffs obtained financing from a separate lender to pay off the balance owed under the merchant cash advance agreements. *Id.* ¶ 51. However, in contravention of the letters of guarantee, Defendants required Plaintiffs to pay the full amount owed under the agreements. *Id.* ¶¶ 52–56. Defendant Gindi acknowledged that Plaintiffs' payment was higher

2

than what was owed under the letters of guarantee but indicated that Plaintiffs would be refunded the difference between the two amounts. *Id.* ¶¶ 56, 58, 60. Subsequently, Defendant Gindi refunded Plaintiffs a portion of the difference. *Id.* ¶¶ 53, 58. When Plaintiffs did not receive the remainder of the difference, Plaintiffs notified Defendants in writing that they would seek interest on the amounts overdue. *Id.* ¶ 59. Defendant Jordan Campbell, who represented himself as the Director of Accounting for United Secure, responded by informing Plaintiffs that they would receive the remainder of the difference soon. *Id.* ¶ 60 To date, Plaintiffs have not yet received the full reimbursement. *Id.* ¶ 60.

Plaintiffs filed an Amended Complaint in this action on April 4, 2019. In Count Five, Plaintiffs seek an appointment of a receiver to assume control of all of the assets of Defendants Ace, Green Note, United Secured and Merchant Advance (collectively the "Entity Defendants"). *Id.* ¶¶ 99–104. Plaintiffs assert a receiver is necessary in order to prevent the Entity Defendants from engaging in fraudulent conduct and to ensure the Entity Defendants are able to pay any judgments entered against them. *Id.* ¶ 100.

## LEGAL STANDARD

"The purpose of a receivership is to protect a party's interest in property pending resolution of a dispute over ownership or control between it and another party with a claim to the property." *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 366 (S.D.N.Y. 2000). Courts have significant discretion in determining whether to appoint a receiver and typically consider the following factors:

> [f]raudulent conduct on the part of defendant; the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property.

3

*U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 610 (S.D.N.Y. 2012) (quoting *Varsames*, 96 F.Supp.2d at 365). The Second Circuit has advised "[t]he appointment of a receiver is considered to be an extraordinary remedy, and should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property" at issue in a case. *Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir.1997).

## DISCUSSION

Plaintiffs primarily allege the Defendants fraudulently induced them to enter into merchant advance purchase agreements and withdrew money in excess of what was authorized under the letters of guarantee. In addition, Plaintiffs allege the Defendants have attempted to flee the jurisdiction and consequently, Plaintiffs argue they are in "imminent danger" of not receiving the remainder of the amount owed to them. The Court finds that Plaintiffs' claims center on Defendants' alleged breach of the letters of guarantees. Should Plaintiffs prevail in this action, they would be entitled to compensatory damages, and potentially other forms of damages such as consequential, punitive and incidental damages. Therefore, damages are an available legal remedy that could adequately address Plaintiffs' injuries and this factor weighs heavily against the appointment of a receiver. *See Petersen v. Federated Dev. Co.*, 387 F. Supp. 355, 361 (S.D.N.Y. 1974) ("It would appear that should plaintiff prevail on his claims, he would have an adequate remedy in an award of damages against those who have allegedly defrauded him.").

Beyond the availability of an adequate legal remedy, this case does not implicate the purpose of a receiver because the dispute is not about ownership or control over property. For example, receivers are typically appointed in foreclosure actions. *See e.g., U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d 247, 255 (S.D.N.Y. 2012) (collecting cases). In such cases, courts have reasoned receivers were necessary to protect the lenders' property

4

interest in collateral. In other words, the receiver was utilized "to protect the value of an asset that is the subject of the litigation." *United States v. Ianniello*, 824 F.2d 203, 205 (2d Cir. 1987). Here, Plaintiffs have not asserted a specific property interest in the Entity Defendants' assets. *See Varsames*, 96 F.Supp.2d at 365–66; *cf. Nesbitt Bellevue Prop.*, 866 F. Supp. 2d 247. Instead, Plaintiffs principally seek a receiver for the purposes of ensuring that the Entity Defendants are capable of paying damages should judgment be entered against them. Following this logic, receivers ostensibly could be appointed in any breach of contact action with judgment proof defendants. The Court declines to set such a broad-sweeping precedent. Because the issue of ownership is dispositive, the Court need not address the remaining factors including the Defendants' alleged fraud or the balance of the harms. *See Varsames*, 96 F.Supp.2d at 366.

## CONCLUSION

For the reasons set forth by the Court, Plaintiffs' motion for appointment of a receiver is **DENIED**. Accordingly, Plaintiffs' requests for an evidentiary hearing and a conference on the receiver motion are **DENIED**.

**SO ORDERED.**

Dated: November 6, 2019
New York, New York

ANDREW L. CARTER, JR.
**United States District Judge**